Loring, J.,
delivered the opinion of the Court.
The petitioner alleges that ninety-two bales of cotton, grown and secured by him on his plantation in Carroll parish, in the State of Louisiana, were seized and taken from him under an order by General McPherson, commanding forces of the United States, and sold for the sum of #19,864 18 net, which was and still is retained by the government ; and he claims these proceeds under the act of 1863, c. 120, which provides that any person claiming to have been the owner of such abandoned or captured property may, at any time within two years after the suppression of the rebellion, prefer his claim to the proceeds thereof in the Court of Claims.
The defendants have moved to dismiss the petition on the ground that, under the provisions of the act cited, the petitioner has no present right of action here. We think that the motion is well founded and should prevail.
The act provides that suits may be brought under it “ at any time within two years,” &c. It thus specifies a term of two years; then it denotes those as the two years next after the suppression of the rebellion. And a suit “ within” those two years cannot be before or after them.
The act contemplates property abandoned or captured in States in insurrection and belonging to their inhabitants, and these cannot bring suits while their States are in rebellion, nor until the effect of the President’s proclamation of August 16, 1861, is removed from them. *170 We think this is the reason of the limitation, in the act, and that it construes it.
Mr. R. H. Gillet and Mr. E. H. Kimball for the claimant.
Mr. Bingham, United States Solicitor, and Mr. Weed, Assistant Solicitor, for the government.
It was contended for the petitioners that, on this construction, if the rebellion should last ten years longer, the present claim under the act would be barred by the general limitation of six years for suits in this court. But we think this is not so. The act of March 3, 1863, c. 120, giving the right of action for property captured, is, as the number of its chapter shows, later than the act of March 3,1863, c. 92, reconstructing this court and limiting suits here to six years ; and the later enactment repeals the former so far as inconsistent with it, and thus makes its own limitation the only one for the suits it provides for.
Casey, C. J., dissented. '
Hughes, J., and Peck, J., did not sit in the case.